IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW CESTRA, | ) | |
| | ) | Civil Action No. 14-825 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief United States District Judge |
| | ) | Joy Flowers Conti |
| MYLAN, INC., t/d/b/a Mylan | ) | |
| Pharmaceuticals, Inc., and MYLAN | ) | |
| PHARMACEUTICALS, INC.., | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**CONTI, Chief District Judge**

This action was commenced on June 24, 2014 and was referred to a magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court for Magistrate Judges. Plaintiff Matthew Cestra ("plaintiff" or "Cestra") brings this action asserting that his employment with defendants Mylan Inc. and Mylan Pharmaceuticals, Inc. ("defendants" or collectively "Mylan") was terminated in violation of the antiretaliation provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h)(1). Plaintiff claims that defendants fired him for engaging in protected conduct under § 3730(h)(1); that is, pursuing a *qui tam* action against his previous employer. Defendants filed a motion to dismiss for failure to state a claim, asserting that they cannot be found liable under §3730(h)(1) because they were not the target of the FCA investigation and are not related to plaintiff's previous employer. (ECF No. 16). Defendants alternatively sought to strike various allegations contained in the amended complaint.

On April 6, 2015, the magistrate judge issued a report and recommendation ("R&R") in which she recommended that this count deny defendants' motion to dismiss the amended

1

complaint and defendants' alternative motion to strike. (ECF No. 27). On April 20, 2015, defendants filed timely objections to the R&R. (ECF No. 28). Defendants alternatively filed a motion for certification pursuant to 28 U.S.C. § 1292(b) requesting the court to certify its order for immediate appeal to the court of appeals if the court adopts the R&R as the opinion of the court. (*Id.*). On April 28, 2015, plaintiff responded to both the objections to the R&R and the motion for certification. (ECF Nos. 30, 31). On May 14, 2015, defendants replied to plaintiff's responses. (ECF Nos. 37, 38). Accordingly, the matter is fully briefed and ripe for disposition. For the reasons that follow, the R&R will be adopted as the opinion of this court, and defendants' alternative motion for certification pursuant to 28 U.S.C. § 1292(b) will be granted.

When objections to an R&R have been filed under 28 U.S.C. § 636(b)(1), the court must make a *de novo* determination about those portions of the report to which objections are made. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

Defendants requested that the court grant oral argument on their objections and their alternative motion for certification. The court, however, finds that oral argument is unnecessary in this matter. The facts presented in the amended complaint are straight forward and the parties generally agree on the relevant case law surrounding this issue. Because resolution of defendants' pending motion only involves interpretation of 31 U.S.C. § 3730(h)(1) and the applicable case law, the court finds that oral argument would not be helpful. Accordingly, defendants' request for oral argument is denied.

Defendants' objections reiterate their arguments made in connection with their original motion to dismiss. The objections contain no additional arguments that the R&R did not address.

Defendants essentially assert that they may not be found liable under § 3730(h)(1) because plaintiff was not investigating defendants for any FCA violations and defendants are unrelated to the target of plaintiff's FCA investigation/*qui tam* action. The magistrate judge considered all of defendants' arguments in connection with this position, but concluded that plaintiff stated a prima facie case for violation of the FCA's antiretaliation provision, § 3730(h)(1).

The R&R noted that the antiretaliation provision of the FCA is remedial in nature and courts broadly construe this provision. *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 186 (3d Cir. 2001); *Townsend v. Bayer Corp.*, 774 F.3d 446, 459 (8th Cir. 2014). The purpose of § 3730(h) is "to protect persons who assist the discovery and prosecution of fraud and thus to improve the federal government's prospects of deterring and redressing crime." *U.S. ex rel. Schweizer v. Oce N.V.*, 677 F.3d 1228, 1237 (D.C.Cir.2012) (internal citations and quotation marks omitted). The court agrees with the R&R's conclusion that defendants' interpretation of § 3730(h)(1) is unduly narrow, and if applied, it would undercut the purpose of this provision. (R&R at 15-16, ECF No. 27). The R&R appropriately analyzed and concluded that in the absence of any controlling authority to the contrary by the Third Circuit Court of Appeals addressing this issue, plaintiff stated a prima facie case under § 3730(h)(1) for his protected conduct associated with his *qui tam* action against his previous employer, Cephalon. Additionally, the court agrees with the R&R's analysis in rejecting defendants' argument that paragraphs 32-37 of the amended complaint should be stricken. Therefore, the court will adopt the R&R as the opinion of this court.

With respect to defendants' alternative motion for certification, the court will certify its order for an immediate petition for allowance of appeal to the court of appeals pursuant to 28

U.S.C. § 1292(b).[1] The following criteria must be met for a district court to grant a certificate of appealability: (1) the order must involve a controlling question of law; (2) the order must offer a substantial ground for difference of opinion as to its correctness, and (3) if the order is appealed immediately it would materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).

"A question of law is controlling if its incorrect disposition would require reversal of the final judgment." *G.L. v. Ligonier Valley School Dist. Auth.*, Civ. No. 13-0034, 2013 WL 6858963, at *6 (W.D. Pa. Dec. 30, 2013). The issue in this case, as identified in the R&R, is "whether the antiretaliation provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h)(1), applies to an employer that fired an employee after discovering that the employee was a whistleblower and relator in an ongoing *qui tam* action under the FCA against his former, unrelated employer." (R&R at 1, ECF No. 27). Defendants are correct that if the court of appeals determined that § 3730(h) does not apply to employers that are not the target of the FCA investigation or employers that are not related to or influenced by the entity that is the target of the FCA investigation, as defendants have asserted, the court's decision would be subject to

---

[1] This statute provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original).

reversal, and the amended complaint would be dismissed in its entirety. Accordingly, the order presents a controlling question of law.

Turning to the second element, the court concludes that there is a substantial ground for difference of opinion about whether § 3730(h)(1) applies to defendants. "There is a 'substantial ground for difference of opinion' about an issue when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Hall v. Wyeth*, Civ. No. 10-738, 2010 WL 4925258, at *1 (E.D. Pa. Dec. 2, 2010) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)). The issue presented here is one of first impression, which presents a novel question of law. While the plain text of § 3730(h)(1) does not restrict liability to employers that are the target or related to the target of the FCA investigation, the controlling precedent in this circuit holds that as a "general rule," the employer must be on notice of the "distinct possibility" of FCA litigation against the employer. *Hutchins*, 253 F.3d at 188, 191. The parties have not identified, and the court's research has not yielded, any authority in which a court has held that the antiretaliation provision of the FCA applies to an employer that fires an employee for engaging in protected conduct against an unrelated entity. Therefore, the court finds that there is substantial ground for difference of opinion. *See G.L.*, 2013 WL 6858963, at *6 (finding substantial ground for difference of opinion when "the Third Circuit has never ruled on this specific question, and only one district court opinion has directly addressed the interplay between the two statutory sections.").

Lastly, the court finds that an immediate appeal of its order would materially advance the end of this litigation. "Several factors are pertinent in determining whether an immediate appeal would materially advance the ultimate termination of the litigation, including: (1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of

5

complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Patrick v. Dell Fin. Svcs.*, 366 B.R. 378, 387 (M.D.Pa.2007). The amended complaint consists of a single count alleging that defendants violated the FCA's antiretaliation provision. The entire lawsuit is dependent on this claim. If the court of appeals agrees with defendants' arguments, plaintiff's entire lawsuit will be terminated. The court agrees with defendants that an immediate appeal at this stage "will save the parties the expense of engaging in costly discovery and conserve the valuable resources of this Court." (Def.s' Mot. for Certification at 20, ECF No. 28).

All three requirements for interlocutory review under 28 U.S.C. § 1292(b) are present. Additionally, based on the above discussion, the court concludes that "exceptional circumstances exist that justify a departure from the basic policy postponing appellate review until after the entry of final judgment." *Premick v. Dick's Sporting Goods, Inc.*, Civ. No. 06-0530, 2007 WL 588992, at *1 (W.D. Pa. Feb. 20, 2007) (citing *Catepillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *Hulmes v. Honda Motor Co.*, 936 F.Supp. 195, 208 (D.N.J.1996), *aff'd*, 141 F.3d 1154 (3d Cir.1998)). The single issue presented in this case is purely a question of law, and resolution of this issue will directly impact not only the parties in this case, but also other FCA whistleblowers and their subsequent employers throughout this circuit. As a result, the court will authorize a petition for allowance of appeal pursuant to 28 U.S.C. § 1292(b) on the following issue:

> Whether the antiretaliation provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h)(1), applies to an employer that fired an employee after discovering that the employee was a whistleblower and relator in an ongoing *qui tam* action under the FCA against his former, unrelated employer.

An appropriate order be entered.

BY THE COURT:

Dated: May 22, 2015                                             /s/ Joy Flowers Conti
                                                                Joy Flowers Conti
                                                                Chief, United States District Judge


cc: all counsel of record via CM-ECF