IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW CESTRA, | ) | Civil Action No. 14-825 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Chief United States District Judge |
| v. | ) | Joy Flowers Conti |
| | ) | |
| MYLAN, INC., t/d/b/a Mylan | ) | United States Magistrate Judge |
| Pharmaceuticals, Inc., and MYLAN | ) | Cynthia Reed Eddy |
| PHARMACEUTICALS, INC.., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This is an action for violation of the antiretaliation provision of the False Claims Act.[1] The litigation is currently at the discovery stage, which is set to close on February 11, 2016. Pending before the Court are two motions filed by Plaintiff and one motion filed by Defendants, all of which are opposed. Plaintiff's motions (1) seek leave to file a second amended complaint for purposes of adding a claim for violation of the Family Medical Leave Act (FMLA);[2] and (2) request a 60 day extension of time to complete discovery.[3] Defendants' motion seeks leave to amend their answer to add the defense of after-acquired evidence.[4] The Court has carefully reviewed these motions and all of the briefs submitted in connection therewith,[5] as well as the exhibits and declarations.[6]

In accordance with Federal Rule of Civil Procedure 16(b)(3), on September 22, 2015 the Court issued a case management order that limited the parties' time to amend the pleadings and

---

[1] 31 U.S.C. § 3730(h)(1).
[2] ECF No. 75.
[3] ECF No. 77.
[4] ECF No. 80.
[5] ECF Nos. 76, 81, 84, 86, 87, 88.
[6] ECF Nos. 85, 87.

1

complete discovery.[7] The parties were to amend their pleadings by October 14, 2015 and discovery was to be completed by February 11, 2016. Thus, because two of the pending motions seek to amend the pleadings after the October 14, 2015 deadline and because one of the motions seeks to extend the discovery period, the Court agrees with Plaintiff that these motions are governed by Rule 16(b)(4). This rule provides that a court's scheduling order "may be modified only for good cause and with the judge's consent."[8] "The good cause element requires the movant demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner."[9]

Regarding Plaintiff's motion to amend his first amended complaint in order to add an FMLA interference claim, the Court finds that he has sufficiently demonstrated that he acted diligently in contacting Defendants the day after the deposition of O'Brien with his intentions to add this claim. The Court does not agree with Defendants that there is any indication that this motion was brought in bad faith for purposes of gamesmanship and does not believe Defendants will suffer any real prejudice, as they contend, as a result of allowing such an amendment. Regarding their argument of futility, the Court finds that when just considering just the four-corners of the complaint, and when drawing all reasonable inferences in a light most favorable to Plaintiff, the proposed second amended complaint states a claim for FMLA interference, and therefore, allowing amendment would not be futile. The Court believes that Defendants' arguments and the evidence that they offer in connection therewith regarding whether Plaintiff meets the definition of "incapacity" and whether he was able to perform the functions of his

---

[7] ECF No. 59.
[8] Fed. R. Civ. P. 16(b)(4); Cordance Corp. v. Amazon.com, Inc., 255 F.R.D. 366, 370-71 (D. Del. 2009) (while Rule 15(a), which provides that leave shall be freely given when justice so requires," ordinarily governs motions to amend the pleadings, the more stringent standard set forth in Rule 16(b) applies when the motion to amend seeks to modify the court's scheduling order).
[9] Cordance, 255 F.R.D. at 371.

position are more appropriately to be considered on a motion for summary judgment, rather than a motion to amend the pleadings. Therefore, the Court will grant Plaintiff's motion to file his proposed second amended complaint.

The Court will also grant Plaintiff's next motion to extend the discovery period 60 days. The Court again finds that Plaintiff has shown good cause and exercised diligence by filing this motion one month before discovery has expired and just a few days after his motion to file an amended pleading. Because the Court is allowing Plaintiff to file a second amended complaint, the Court finds that extension of the discovery period is necessary. Further, the Court does not want the parties engaging in discovery after the post-discovery conference, as Defendants suggested in their brief, especially because the parties' motions for summary judgment (if any) will be due shortly thereafter. Therefore, the discovery period will be enlarged by 60 days and the Court will reschedule the post-discovery status conference.

Finally, the Court will grant Defendants' motion to file an amended answer. Indeed, given that Plaintiff is filing a second amended complaint, Defendants are now obligated to amend their answer under the applicable Federal Rules of Civil Procedure. Further, the Court notes that proposed second amended complaint specifically references at least some portions of the defense that Defendants wish to add.[10] As such, fairness requires that Defendants be permitted to amend their answer in the fashion that they have requested. Additionally, even if Plaintiff was not permitted to file the proposed second amended complaint, the Court independently finds that Defendants have shown good faith and were diligent in pursuing this amendment, such that they are entitled to their requested relief.

---

[10] See ECF No. 75-1 at ¶¶ 50, 51 ("Defendants now claim they fired Cestra was (*sic*) because he did not attend a conference in Philadelphia on April 29, 2014. However, had Defendants properly notified Cestra of his FMLA eligibility rights and responsibilities, and designation, Cestra would have structured his leave in such a way as to preserve his job.").

**AND NOW,** this 27th day of January 2016, in accordance with the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's motion for leave to file a second amended complaint (ECF No. 75) is **GRANTED**. Plaintiff is directed to file his proposed second amended complaint (ECF No. 75-1) **FORTHWITH**.

2. Plaintiff's motion to extend the discovery period by 60 days (ECF No. 77) is **GRANTED**. The discovery period is hereby extended until April 11, 2016.

3. Defendants' motion for leave to file an amended answer (ECF No. 80) is **GRANTED**. Said answer is due fourteen (14) days after the date that Plaintiff files the second amended complaint.

4. The post-discovery status conference scheduled for February 17, 2016 is rescheduled to occur on April 19, 2016 at 2:00 PM. The parties' updated confidential position letters, which shall be limited to 3 pages, are due April 14, 2016.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF